# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| William Moreland, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br><br>1st Franklin Financial Corporation,<br><br>Defendant. | Case No. 2:23-cv-00038-SCJ |

## BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED JOINT MOTION FOR ORDER APPOINTING INTERIM CO-LEAD COUNSEL

Pursuant to Federal Rule of Civil Procedure 23(g), Plaintiffs William Moreland, Ezra Williams and Price Laney ("Plaintiffs") respectfully jointly move this Court for an Order appointing Laura Van Note of Cole & Van Note, Gary Mason of Mason LLP and Ryan D. Maxey of Morgan & Morgan Complex Litigation Group as interim co-lead counsel ("Interim Co-Lead Class Counsel"). In support of this request, Plaintiffs submit the below brief and the firm resumes of Laura Van Note, Gary Mason, and Ryan D. Maxey filed herewith.

Plaintiffs request that the Court grant the Motion, order that Laura Van Note, Gary Mason and Ryan D. Maxey be appointed Interim Co-Lead Class Counsel, and grant any additional relief it deems proper. Proposed Interim Co-Lead Class Counsel have obtained the consent of Plaintiffs' counsel in two related cases filed in this District[1] and, in doing so, tentatively resolved a potential leadership dispute conditioned on the Court granting the relief sought in this motion. Proposed Interim Co-Lead Class Counsel also obtained the consent of Defendant's counsel to the relief sought in this motion.

---

[1] *See Allen v. 1st Franklin Financial Corp.*, No. 2:23-cv-00049-SCJ; *Dunn v. 1st Franklin Financial Corp.*, No. 2:23-cv-00052-SCJ.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION AND BACKGROUND

These cases arise from a cybersecurity incident purportedly discovered and announced by Defendant 1st Franklin Financial Corporation ("Defendant" or "1FFC") on or about November 17, 2022, in which unauthorized individuals seemingly gained access to Defendant's information network (the "Data Breach"). Plaintiff Moreland (*William Moreland v. 1st Franklin Financial Corporation,* Case No. 2:23-cv-00038-SCJ), Plaintiff Williams (*Ezra Williams v. 1st Franklin Financial Corporation,* Case No. 1:23-cv-00915-SCJ) and Plaintiff Laney (*Price Laney v. 1st Franklin Financial Corporation,* Case No. 1:23-cv-00916-SCJ) filed their respective actions on March 2, 2023 in the Northern District of Georgia, seeking injunctive and equitable relief in connection with the event. On March 21, 2023, Plaintiffs for the *Moreland, Williams* and *Laney* actions moved the Court to consolidate the *Moreland, Williams* and *Laney* cases, which the Court granted on March 31, 2023. A fourth action, entitled *Joshua Allen v. 1st Franklin Financial Corporation*, Case No. 2: 23-cv-00049, was filed in connection with the Data Breach in the Northern District of Georgia on March 22, 2023. A fifth action, entitled *Mark Dunn v. 1st Franklin Financial Corporation*, Case No. 2:23-cv-00052, was filed in connection with the Data Breach in the Northern District of Georgia on March 24, 2023. The *Allen* and *Dunn* cases were filed after the Motion to Consolidate was

filed.[2] All cases were consolidated into the *Moreland* action on May 4, 2023. The *Moreland*, *William, Laney, Allen and Dunn* matters are hereafter referred to as the "Consolidated Case."

Since filing the *Moreland* action on March 2, 2023, Cole & Van Note, counsel for Moreland, has taken proactive steps to investigate the Data Breach, including, but not limited to, communicating with other potential class members, speaking with persons possessing substantial cybersecurity expertise, reaching out to and coordinating with other attorneys, performing substantial research and contacting Defendant. Now, in the interests of judicial economy, Plaintiffs Moreland, Williams and Laney jointly request that the Court appoint Cole & Van Note, Mason LLP and Morgan & Morgan Complex Litigation Group as Interim Co-Lead Class Counsel pursuant to Federal Rule of Civil Procedure Rule 23(g)(3).

## II.    LEGAL ARGUMENT

The appointment of Laura Van Note of Cole & Van Note, Gary Mason of Mason LLP and Ryan D. Maxey of Morgan & Morgan Complex Litigation Group

---

[2] An Order to Show Cause has been entered in each of the *Allen* and *Dunn* actions. The deadline to oppose consolidation in each case is May 1, 2023. Should *Allen* and/or *Dunn* be consolidated with *Moreland*, *Williams*, and *Laney*, the term "Consolidated Cases" shall include that or those case(s).

as Interim Co-Lead Class Counsel under Rule 23(g)(3) will support the unified and efficient prosecution of the Consolidated Case, as set forth below.

## A. The Court Should Appoint Proposed Interim Co-Lead Counsel

To avoid inefficiency, duplication and possible prejudice to plaintiffs, and consistent with the interests of justice, the Manual for Complex Litigation recommends that courts in complex litigation should "institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients." Manual for Complex Litigation (Fourth) ("MCL" or "Manual"), § 10.22. In some cases, "the attorneys coordinate their activities without the court's assistance, and such effort should be encouraged." *Id.*

Plaintiffs seek appointment of interim co-lead class counsel pursuant to Rule 23(g)(3)–which allows the Court to designate interim co-lead class counsel and liaison counsel to act on behalf of a putative class before determining whether to certify the action as a class action. Plaintiffs seek the appointment of Cole & Van Note, Mason LLP, and Morgan & Morgan Complex Litigation Group as Interim Co-Lead Class Counsel for Plaintiffs in the Consolidated Case.

The Committee Notes to the 2003 Amendments to Rule 23 emphasize designation of interim class counsel prior to certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. Settlement may be

discussed before certification. It may also be important to make or respond to motions before certification.

*See* FED. R. CIV. P. 23 Advisory Committee Notes (2003).

Designating interim co-lead class counsel (as is being requested here) clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification and negotiating settlement. MCL § 21.11 (4th ed. 2004). The rule provides that "[w]hen one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(2)." The rule also "authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made." FED. R. CIV. P. 23(g) advisory committee's note; *see also Southeast Mo. Hosp. v. C.R. Brand, Inc.*, No. 1:07-CV-0031-TCM, 2007 WL 4191978, at *2 (E.D. Mo. Nov. 21, 2007) (noting that "[t]he court may designate interim class counsel" and that "[w]hen there is one applicant for appointment as class counsel, the court may appoint that applicant" (citations omitted)).

In cases like this, the appointment of interim co-lead counsel clarifies the attorneys' roles and responsibilities, formally designates them to act in the best interests of the proposed class and assures defense counsel that they are dealing with the correct representatives of the proposed class. *See* MCL § 21.11. Appointment of interim co-lead counsel also eliminates any risk that a defendant will try to play rival

class counsel against one another to the possible detriment of the class. *See Governance and Legitimacy in the Law of Class Actions*, 1999 Sup. Ct. Rev. 337, 388 (discussing the danger of a "race to the bottom" situation). By appointing the Proposed Interim Co-Lead Class Counsel now, this Court will forestall potential future inefficiency or leadership clashes and ensure that Class Members' interests are protected by capable counsel in this matter and will not be adversely impacted by other actions. Moreover, appointing clear leadership at this stage in the litigation will allow the various firms to focus their efforts and efficiently represent the putative Class.

Rule 23(g) has criteria for the appointment of class counsel, including: (1) work counsel has performed identifying or investigating potential claims in the action, (2) counsel's experience with claims of the type asserted in the action, (3) counsel's knowledge of the applicable law, and (4) the resources that counsel will commit to representing the class. FED. R. CIV. P. 23(g)(1)(A)(i-iv) & (B). Although Rule 23(g)(3) does not specifically address the appointment of interim class counsel, courts often apply the Rule 23(g) factors that govern the appointment of counsel at class certification stage. As one court has observed:

> In selecting interim class counsel, courts look to the standard articulated in Rule 23(g)(2), which requires appointment of counsel "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). This standard requires the Court to consider the factors under Rule 23(g)(1) and (4), including counsel's investigation of the potential claims, experience in relevant matters, knowledge of applicable law, resources to commit, and any other factors

relevant to counsel's ability to fairly and adequately represent the interests of the class. FED. R. CIV. P. 23(g)(1)(A).

*In re Dairy Farmers of Am. Cheese Antitrust Litig.*, No. 1:09-cv-03690, 2013 WL 6050431, at *3 (N.D. Ill. Nov. 15, 2013); *see also Michelle*, 2013 WL 791145, at *2 (appointing interim co-lead counsel based on the factors in Rule 23(g)(1)); *Hill v. Tribune Co.*, No. 1:05-cv-02602, 2005 WL 3299144, at *3-5 (N.D. Ill. Oct. 13, 2005) (noting "Rule 23(g) provides criteria to consider when appointing class counsel. No distinction is made regarding appointing interim counsel," and appointing interim class counsel based upon experience and resources of counsel). Here, as discussed below, the attorneys seeking appointment as interim co-lead class counsel satisfy the considerations under Rule 23(g).

1. Proposed Interim Co-Lead Counsel Performed Substantial Work in Investigating this Action

Proposed Interim Co-Lead Class Counsel have committed substantial, yet appropriate, time and resources to organizing and working toward the advancement of this litigation, investigating and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of the Data Breach. Counsel are familiar with the facts and legal issues in this matter and will continue their pursuit of the claims on behalf of Plaintiffs and the Class.

Each of these firms continue to perform substantial work that has been (and will be) valuable to the Class as the case moves forward. This includes: (a) reviewing consumer communications concerning the Data Breach, (b) engaging in ongoing communications with absent class members, (c) investigating the scope of the Data Breach's consequences, and 1FFC's public response regarding the same, (d) researching potential claims arising from the Data Breach and defenses thereto, and (e) using this information to prepare the consolidated complaint.

Proposed Interim Co-Lead Class Counsel have conducted all the work necessary to prosecute this litigation thus far, and they stand ready, willing and able to continue to devote the substantial effort and resources (including the advancement of costs) necessary for advancing the claims of Plaintiffs and the proposed Class.

2. Proposed Interim Co-Lead Class Counsel Have Substantial Knowledge About and Are Experienced in Leading and Resolving Data Privacy Class Actions

Data privacy cases present unique and novel issues of fact and law that are always evolving. They further require an understanding of the technical issues of data hacking, data privacy measures and industry standards. Appointing class counsel experienced in data privacy litigation is in the best interest of the Class. *Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel.").

Proposed Interim Co-Lead Class Counsel have extensive experience leading and litigating data privacy matters against large corporate defendants such as Chipotle, Equifax, Forty-Niners Football Company, LastPass and Rackspace among others.

Ms. Van Note, Mr. Mason and Mr. Maxey are highly qualified to lead the case and should be appointed as Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g). The qualifications and experience of the Proposed Interim Co-Lead Class Counsel are further summarized below and detailed in their firm resumes.

a. <u>Laura Van Note – Cole & Van Note</u>

Ms. Van Note is a partner and principal of Cole & Van Note, based in Oakland, California. She is qualified to serve as interim co-lead counsel in this litigation due to her history of successfully prosecuting complex class action cases (including data breach litigation), and because of her significant involvement in the prosecution of the instant case. Ms. Van Note practices exclusively class action litigation and has achieved extraordinary results in the numerous cases she has handled since she began practicing. She is licensed in federal and state courts in California, Missouri and Kansas, and has been admitted *pro hac vice* in over a dozen other states.

Based in California, but handling cases nationwide, Cole & Van Note has decades of experience prosecuting privacy, employment, environmental and

consumer complex cases. Cole & Van Note was recently appointed Interim Lead Counsel in the consolidated action arising from a similar security incident involving Rackspace Technology, Inc. (*Garrett Stephenson, et al., v. Rackspace Technology, Inc.*, Western District of Texas Case # SA-22-cv-01296-XR). Ms. Van Note's (and her firm's) knowledge of class action procedures runs deep across various industries and substantive issues, including data breach, privacy, consumer, environmental and employment cases. Having litigated hundreds of class actions in state and federal courts—including many before Multidistrict Litigation Panels—Cole & Van Note possesses a tremendous depth of skill and experience in complex litigation such as this.

Drawing on this wealth of skill and experience, Cole & Van Note has successfully achieved class certification in varied factual scenarios. Including handling dozens of data breach class actions, Cole & Van Note draws from other areas and has achieved successes in unique legal scenarios including: *Kurihara v. Best Buy Co., Inc.*, 2007 U.S. Dist. LEXIS 64224 (N.D. Cal.) (obtaining certification and substantial resolution for a class of over 52,000 current and former store employees bringing bag check claims); *Tierno v. Rite Aid Corp.*, 2006 U.S. Dist. LEXIS 71794 (N.D. Cal.) (oft-cited order certifying a class of approximately 1,100 California retail store managers alleging overtime misclassification). In *Despres (Cornn), et al. v. United Parcel Service, Inc.* (United States District Court, Northern

District of California, Case No. 3:03-CV-02001), Cole & Van Note brought a case to remedy violations of meal and rest period regulations on behalf of the company's California ground delivery drivers. Cole & Van Note served as Co-Counsel for the certified class of drivers. This action settled for $87 million, an unprecedented settlement amount for such claims. In *Augustus/Davis v. ABM Security Services, Inc.* (aka American Comm. Security Service, Inc.) (San Francisco County Superior Court Case No. CGC-05-444421 (consolidated with Los Angeles County Superior Court Case No. BC336416)), Cole & Van Note filed a claim against American Commercial Security Services, Inc./ABM for violations of California law for denial of meal and rest periods toward security guards. The action achieved class certification status in 2009. Following summary judgment proceedings, a judgment of over $89 million was entered against the defendants. The judgment hinged on the issue of whether "on-duty" rest breaks were legally sufficient. After the Court of Appeal ruled against Plaintiffs on the issue, the case went to the California Supreme Court where Plaintiffs prevailed and, in so doing, created a new legal standard clarifying that "on-duty" rest breaks are invalid. After 12 years of litigation and appellate work, this matter settled for $110 million.

In addition to achieving many impressive results, Cole & Van Note has served as Lead Counsel or on steering committees of countless cases across a diverse range of areas and industries. *Hinds v. Community Medical Centers* (Superior Court of the

State of California for the county of San Joaquin, Case No. STK-CV-UNPI-2021-10404) arose from Community Medical Centers' massive data breach in 2021 which affected countless patients, consumers and/or employees. After reviewing competing requests for leadership over these consolidated actions, Cole & Van Note was appointed by the court to a Co-Lead Counsel position. Cole & Van Note served on the Steering Committee in *In re Apple Inc. Device Performance Litigation* (United States District Court, Northern District of California, Case No. 5:18-md-02827-EJD), which followed Apple's December 2017 admission that it throttled back performance of its iPhones (versions 6, 6 Plus, 6s, 6s Plus, SE, 7, and 7 Plus) to mask the problem of defective batteries and unexpected iPhone shut-downs. That case settled for $500 million. Cole & Van Note served as the (sole) Lead and (shared) Liaison Counsel over a Plaintiffs' Steering/Management Committee in *In re Westley Tire Fire Litigation* (Santa Clara County Superior Court Case No. CV 801282), following a lightning strike which ignited a fire of pile of approximately 7 million illegally stored waste tires in Westley, California, a town about 70 miles east of San Francisco. In 2001, Cole & Van Note reached a settlement with one defendant (CMS Generation Co.) for $9 million. In 2003, the Court granted final approval of the settlement. In 2005, two of the remaining defendants settled for roughly $1.4 million (over $10 million aggregate). These results are a small fraction of the complex cases which Cole & Van Note has led.

b. <u>Gary Mason – Mason LLP</u>

Mr. Mason is the founding partner and principal of Mason LLP, based in Washington, D.C. He is well-qualified to serve as interim co-lead counsel in this litigation due his long history of successfully prosecuting complex class action cases (including but not limited to data breach litigation).

Mr. Mason has been prosecuting privacy cases since the early 2000's when he was the first attorney in legal history to successfully settle a privacy case on a class-wide basis against Google. Mason Dec. ¶ 6. He achieved a substantial settlement with the Department of Veterans Affairs after the District Court for the District of Columbia rendered a seminal opinion on the federal Privacy Act, and is currently serving as Liaison Counsel in a data breach case filed against the Office of Personnel Management. *Id.* ¶ 6; *In re U.S. Off. Of Pers. Mgmt. Data Security Breach Litig.*, 266 F. Supp. 3d 1 (D.D.C. 2017) (preliminary approval of settlement granted June 2022*)*. He currently serves as Co-Lead Counsel for the *Farley, et al. v. Eye Care Leaders* data breach matter related to the breach of over three million individual's data, and which is pending in the Middle District of North Carolina, Case No. 1:22-cv-468.

Moreover, in the last three years alone, Mr. Mason and his firm have successfully litigated and obtained final approval of class action settlements in over two dozen data breach cases across the country. Mason Dec. ¶ 10; *see e.g., Baksh v.*

*Ivy Rehab Network, Inc*., Case No. 7:20-cv-01845-CS (S.D.N.Y.) (Mr. Mason appointed Class Counsel in a data breach class action settlement; final approval granted Feb. 2021); *Kenney et al. v. Centerstone of America, Inc.*, Case No. 3:20-cv-01007 (M.D. Tenn.) (data breach class action settlement involving over 63,000 class members; final approval granted August 2021); *North et al. v. Hunt Memorial Hospital District*, Case No. 89642 (District Court for Hunt County, Texas) (data breach class action settlement; final approval granted Dec. 2021); *Cece, et al. v. St. Mary's Health Care System, Inc. et al*., Civil Action No. SU20CV0500 (Superior Court of Athens-Clarke County, Georgia) (data breach case involving 55,652 people; final approval granted April 2022).

Mr. Mason has also appointed to serve as Co-Lead Counsel in the currently pending *SoClean, Inc., Marketing, Sales Practices and Products Liability Litigation*, MDL No. 3021 (W.D. Pa.); in *In re Hill's Pet Nutrition, Inc. Dog Food Prods. Liab. Litig.*, No. 2:19-md-02887-JAR-TJJ, MDL No. 2887, a consumer class action in which resolved with a $12.5 million common fund; and in *In re DevaCurl Hair Prods. Litig.*, No. 1:20-cv-01234-GHW (S.D.N.Y.), which was resolved by the creation of a $5.2 million settlement fund.

c.  Ryan D. Maxey – Morgan & Morgan

Mr. Maxey is an attorney in the class action group at Morgan & Morgan, the largest plaintiff-oriented, contingency-only law firm in the country, with over 800

lawyers throughout the United States. Its depth of skill as a trial firm, and its self-funded financial resources, allow it to undertake the largest and most significant cases throughout the country. Attorneys in Morgan & Morgan's class action group have been appointed to lead or steering/executive committee positions in some of the largest data breach class actions in history, including *In re Yahoo! Inc. Customer Data Security Breach Litigation*, No. 5:16-MD-02752-LHK (N.D. Cal.) (court-approved $117,500,000.00 common fund settlement for approximately 194 million US residents and 270,000 Israeli citizens); *In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litig.*, No. 1:14-md-02583-TWT (N.D. Ga.) (final judgment entered approving a settlement on behalf of a class of 40 million consumers with total value of $29,025,000); *In Re: Equifax, Inc. Customer Data Security Breach Litigation*, 1:17-md-2800-TWT (N.D. Ga.) (final judgment entered approving $380.5 million fund for 145 million consumers); *In re: U.S. Office of Personnel Management Data Security Breach Litigation*, 1:15-mc-01394-ABJ (D.D.C.) ($60,000,000 common fund preliminarily approved); *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL No. 2522 (D. Minn.) (settlement on behalf of a class of approximately 100 million consumers finally approved); and *In re Morgan Stanley Data Security Litigation*, 1:20-cv-05914 (S.D.N.Y.) ($68 million settlement for 15 million class members).

Mr. Maxey, who has a bachelor's degree in computer science and past work experience developing software and managing databases, joined Morgan & Morgan's class action group to work on technology-related matters, in which his education and experience afford him a unique perspective. He currently represents plaintiffs in more than 40 active data breach class action cases nationwide, brought against employers, medical providers, and other service providers and ranging from cases impacting tens of thousands to millions of individuals.

Mr. Maxey's experience litigating data breach cases began with *In Re: Capital One Consumer Data Security Breach Litigation*, No. 1:19-md-2915 (E.D. Va.), which impacted approximately 98 million individuals, making it one of the largest data breaches ever litigated in the United States. Applying his technical experience, he deposed a senior vice president / chief risk officer, a senior vice president leading the data technology organization, a vice president of cyber and deputy chief information security officer, a head of global cybersecurity operations center, a senior manager of information security, and a senior director of machine learning. The case ultimately resolved via the court's approval of a common fund settlement of $190 million.

Mr. Maxey has also worked on dozens of smaller data breach class action matters, including the following in which settlements have been finally or preliminarily approved in 2022 and 2023: *Farmer v. Humana Inc., et al.*, No. 8:21-

cv-01478-MSS-SPF (M.D. Fla.) (settlement finally approved Feb. 13, 2023); *Gamez, et al. v. PCS Revenue Control Systems, Inc.*, No. 2:21-cv-08991-JXN-AME (D. N.J.) (settlement finally approved Feb. 6, 2023); *Morales v. Orlando Family Physicians, LLC*, No. 2021-ca-009153-o (Orange County, Fla.) (settlement preliminarily approved Feb. 3, 2023); *Heath v. Insurance Techs. Corp.*, et al., No. 3:21-cv-01444-N (N.D. Tex.) (settlement finally approved Jan. 4, 2023); *Paras, et al. v. Dental Care Alliance, LLC*, No. 22EV000181 (Fulton County, Ga.) (settlement finally approved Aug. 2, 2022).

Prior to practicing law, Mr. Maxey served as a judicial law clerk to the Honorable Elizabeth A. Jenkins, United States Magistrate Judge. He then worked at one of the country's largest law firms, Greenberg Traurig, for four years as a commercial litigation associate, where he actively participated in three federal trials, including examining witnesses. In 2015, Mr. Maxey joined Morgan & Morgan's Business Trial Group as a lead attorney handling a variety of business litigation matters. Mr. Maxey later started his own law practice, litigating claims related to breach of contract, trade secret misappropriation, the FLSA, the FDCPA and premises liability.

3. <u>Proposed Interim Co-Lead Class Counsel are Committed to Representing and Advancing the Interests of the Class</u>

Proposed Interim Co-Lead Class Counsel and their firms are willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims

asserted by the Plaintiffs in these cases. The team and their firms have proven track-records of success leading and litigating complex class action cases, including data privacy matters.

The experience here will be no different. Each attorney understands the time, energy and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the class members. In fact, Proposed Interim Co-Lead Class Counsel have already demonstrated their commitment to this litigation by devoting substantial but appropriate resources to this litigation and coordinating among themselves to file this leadership proposal.

4. Proposed Interim Co-Lead Class Counsel Work Cooperatively, Efficiently and Professionally with Each Other and with Other Firms

In every case they have worked on, Ms. Van Note, Mr. Mason, Mr. Maxey and their firms have committed to working with civility, respect and candor towards co-counsel, the Court and defense counsel. As Proposed Interim Co-Lead Class Counsel's history of organization shows, they are inclusive. Those efforts of inclusion have resulted in the establishment of a group of attorneys working toward the same goal—a fair, reasonable and adequate result in this action. Each of these attorneys would be independently qualified to serve as co-lead class counsel and have significant experience in class actions, including data breach class actions. *See* infra § III.B.

While this case will be hard fought and undoubtedly include good faith disagreements, the Court can rest assured that in appointing the proposed counsel team, this case will proceed with an underlying spirit of respect and, above all, professionalism. Just as they have previously done in other cases, Proposed Interim Co-Lead Class Counsel are committed to working cooperatively, inclusively, and efficiently on behalf of Plaintiffs and the proposed Class here.

5. Additional Considerations Supporting Appointment Under 23(g)(1)(B)

The Court may also consider other matters in making appointments, per Rule 23(g)(1)(B). Rather than file competing leadership applications in separate actions, counsel for the Plaintiffs in the three actions comprising the Consolidated Case met and conferred and agreed that it is in the best interest of the Plaintiffs and putative Class Members to form a unified front and cooperatively litigate the claims against 1FFC in this action. This private ordering further supports the requested appointments. Manual, §§ 10.22, 21.272.


## III.   CONCLUSION

Appointing well-qualified and experienced firms like Cole & Van Note, Mason LLP and Morgan & Morgan Complex Litigation Group to serve as Interim Co-Lead Class Counsel would be in the best interest of the putative class and would allow the case to proceed in an efficient and unified manner. Plaintiffs in the

Consolidated Case have conferred regarding this Motion and agree to the relief requested herein.

Respectfully submitted,

Dated: May 16, 2023

By:   */s/ Laura Van Note*
Laura Van Note (admitted *pro hac vice*)
**COLE & VAN NOTE**
555 12th Street, Suite 1725
Oakland, California 94607
Telephone:  (510) 891-9800
Email:    lvn@colevannote.com


By:   */s/ Charles Van Horn*
Charles Van Horn, Esq.
**BERMAN FINK VAN HORN P.C.**
3475 Piedmont Road, Suite 1640
Atlanta, Georgia 30305
Telephone:  (404) 261-7711
Email: cvanhorn@bfvlaw.com

*Counsel for William Moreland and the Putative Class*

Gary E. Mason*
Danielle L. Perry*
Lisa A. White*
**MASON LLP**
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
Telephone: (202) 429-2290
gmason@masonllp.com
dperry@masonllp.com
lwhite@masonllp.com

*Counsel for Ezra Williams and the
Putative Class*


**MORGAN & MORGAN, P.A**
Gregory Bosseler
191 Peachtree Street N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007
gbosseler@ForThePeople.com


Ryan D. Maxey (admitted *pro hac vice*)
**MORGAN & MORGAN COMPLEX
BUSINESS DIVISION**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505
rmaxey@ForThePeople.com

*Counsel for Price Laney and the Putative
Class*


*\*Pro hac vice applications forthcoming*